Good morning, Your Honors. My name is Craig Orenth. I represent the Petitioner Chad Morgan, and I am from the Federal Defender's Office in the District of Arizona. The District Court in this case said with no ambiguity whatsoever that the plea agreement was unacceptable or unreasonable as a matter of law. That is just incorrect. We have a prosecutor who represents the United States Government who agreed with the stipulated sentence, a probation officer who works for the judge and evaluated the entire case, agreed with the sentence and recommended the court accept it, and Did he say unreasonable as a matter of law, or he said, I'm not going to accept it as a matter of law? I believe, well, the judge spoke on this issue three or four times at different places. Didn't he say it was unwise as a matter of policy? He did say that as well. I don't think. Where did he say that it was improper as a matter of law? You're right. He did say it was improper as a matter of law at 10. Page 10, Your Honors. Yes. Okay. And he said that in Let me just quote it so I've got it in my mind. For that reason, we're going to reject the Rule 11c1c, stipulated term, as being unreasonable as a matter of law, not necessarily unreasonable as a matter of fact. Okay. And there is some confusion as to what the district court specifically was saying, in my view. And I know this Court gave the district court the opportunity to file a brief, which for whatever reason it chose not to. But I think it's also important to consider the fact that the stipulated sentence was a sentence to the top end of the applicable guideline range, which only a few years ago would have been the maximum penalty that the Court could have imposed. Your petition is for a writ of mandate. That's correct. What do you want us to do exactly? What I would like the Court to do is to reverse the district court by stating that it was improper for it to reject the plea agreement as a matter of law, to remand the case to a different district court judge so that a different district court judge can exercise sound judicial discretion in deciding whether the circumstances of the case warrant the sentence that the parties have proposed to the Court. And if we decide not to send it to a different judge, what do you want us to tell the judge on remand? Well, we would excise the latter portion of what I just said, and I would just ask the Court to remand it to Judge Martone with the instruction that he consider the circumstances of the case, all the factors, and decide whether or not the proposed sentence is reasonable as a matter of fact. He may in the long run, another judge on remand may in the long run decide that the sentence is not reasonable given the facts. It seems to me that Judge Martone may have just misspoken a bit. I mean, reading between the lines, and both of you can educate me on this, but he did say as a matter of law that's quite correct. And that would be wrong, I think. However, if he said, I just don't have a policy of accepting these agreements, in other words, it's his policy. He's not saying it's improper as a matter of law. What's wrong with that? And I did address that in the briefs, because that clearly is implied by the Court's comment. I mean, I kind of think that that's what he meant. I may be wrong on that. I agree with you, Your Honor. If in fact what the judge was saying is that I have the authority to decide what agreements to accept in this Court, and I am stating as a matter of policy that I'm going to reject all stipulated sentence or sentence agreements, I suggest that that's incorrect. And I briefed it extensively. But I mean, it seems to me that what he's saying, if he says as a matter of policy, I'm going to reject these types of agreements because I need to evaluate them each on their own individual basis as a matter of fact, and I'm uncomfortable doing that, I'm uncomfortable accepting stipulations, why is that wrong as a matter of law? Because one of the things that he said at one point, and I don't have the exact page in the quote, is that this takes away his discretion. Yes. He agrees with the sentence. He's a rubber stamp. Right. I respectfully disagree with that. He has the exact same discretion that he has even if the defendant pled straight up. He reviews the presentence report, considers all the factual circumstances, hears from both counsel, hears the defendant allocute, and then decides whether the proposal, and that's all it is, the proposal from the parties is acceptable. If he says it's not, then Rule 11 dictates what actions he should take. He can say I'm not, I find that this is not reasonable. I'm not going to accept this. And then the defendant has the option of sticking with his guilty plea and allowing the court to sentence him to what sentence it feels is appropriate, or the defendant can withdraw. I mean, this isn't a unique problem. There are some district courts in our circuit whose judges say we don't like these agreements, and we're telling both the U.S. Attorney's Office and Federal defenders we're not going to accept them. And so people tend to govern themselves accordingly and don't propose them. But that's really no different from what Judge Martone is saying as a matter of his personal decision, right? That's correct. I'm not familiar with those courts, Your Honor, and sites, but I'm sure there are. And I cited in my letter to the Court, you know, shortly after I filed the brief, cases from other circuit that have held that such determinations by district courts are proper. But in doing so, those courts simply cited the subcommittee of the judicial committee of the House and some objections by district courts that, in their belief, that Rule 11 would require them to consider plea agreements. And then the subcommittee said, no, that's not what Rule 11 requires. I suggest that those kinds of comments are not binding on courts. And when you take into account the fact that Rule 11, when it was passed, in effect sanctioned plea agreements. It doesn't require plea agreements to be accepted, but it sanctioned and permits the parties to propose to the court a plea agreement. It actually says that the parties may negotiate and then propose the agreement to the court. Once it's proposed to the court, the rest of Rule 11, I suggest, requires the court to use due consideration and judicial discretion in deciding whether the plea agreement is acceptable. You combine that rule with the decision of the United States Supreme Court in Santabello, where it said that judges cannot reject plea agreements on an arbitrary basis and must use sound judicial discretion. That seems to me to say the judge has to consider this proposed plea agreement in the individual circumstances and determine whether, on the merits, it's wise or not. The case goes on. Breyer. Doesn't that set us up in an unusual situation now where we have to invade the district court's discretion and allies' discretion in accepting or rejecting a plea agreement? I mean, are we going to say that the district courts are required to give reasons or not? I mean, it's a, it really is a, it's an invitation to be a little more invasive than. This Court, I don't believe, has ruled on that specific issue yet. But other courts have said that when a district court rejects a plea agreement, it must state its reasons on the record so that the courts can make a determination as to whether the discretion was invoked properly. This Court can say to the district court, you can't reject plea agreements as a matter of policy. You have to review them individually. If you, on the record, reject a plea agreement and you state the reason. Well, he did review this one individually, didn't he? He said he, he went over the fact that he had previously accepted the, the agreement in the other, the companion case. That's correct. And, and then he said, but this is, this is different. This time you're, you don't leave me anything to do. You just say take it or leave it. That's right. If he, well, suppose the judge, suppose we don't agree with you and if, if we did agree with you, I think it would be the First Circuit in the country to say the judge has to accept a plea agreement. No, no, no. We're not asking the, this Court to say that the judge has to accept a plea agreement. There is no basis for me to make that request. I am asking that the Court say that a judge can't reject it arbitrarily because of his personal opinions that plea bargains can't be committed in this Court. How do you, how do you establish that this was arbitrarily? He, he, he talked quite a bit about why he didn't think this was a good idea, that it's taking him out of the case. Actually, I, respectfully, I don't think the judge talked quite a bit. It was the parties. The judge asked us whether we wanted, and I think we were all under a misconception. Myself, the prosecutor, and even the probation officer, in response to the judge's question, argued the facts as to why the plea should be accepted. And Judge Martone essentially, you know, not, I mean, I don't mean in the pejorative sense, but essentially ignored us and then went back to his original question. It was at that point I think we all realized what he was talking about, which is why should I, why should I as a district court judge even accept stipulated sentences, forget the facts? And as Your Honor said a few moments ago in quoting the record, that's what he said. I'm rejecting it as a matter of law. I'm open to arguments later on. But you can use an abuse of discretion standard, as this Court always does when reviewing or not always, but predominantly does when reviewing a district court decision that's based on indication of discretion. So if the judge does reject a plea agreement, when I was a district judge, I rejected one one time, and the result was that the plea was withdrawn. He was allowed to withdraw his guilty plea and go to trial. But when the trial was scheduled three or four months later, he changed his mind again and wanted to go open-ended and get some credit for admitting his error and so forth. Is that what you want? You want it to go back and have it set for trial? No, we don't. Guilty plea? No, we don't. That's one of the reasons why we took it. How do you get it both ways? I mean, how do you get the right to say that you have to give us what we've agreed to as a sentence? I'm not saying that. Or you have to say some kind of a mantra that will pass some kind of a muster of saying I am exercising my discretion and I'm going to do it. Well, I have the utmost respect for the district court judge, truly. But that is one of the reasons why I think the Court should remand to a different district judge, because there is the possibility, at least in appearance of the possibility, that the judge could just go through the mantra and say, as a matter of fact, I don't accept this plea agreement. But I'm not asking the judge – I'm not asking this Court to make any findings as to whether the sentence should be imposed or not. If the judge had come out, excuse me, and it happens all the time. How do we keep this from turning into a judge-shopping expedition in the district of Arizona if you get a judge you know doesn't like stipulated sentences? So you shop around by trying to mandamus him and get it sent to another judge. How does that serve the interests of justice? Well, I would hope that I would be prohibited from doing that or would not have the need to do that. First of all, I wouldn't do that as an officer of the Court. But I wouldn't have the need to do that if this Court adopts our position. Except, you know, really, we rarely send it to a district judge. And one of the reasons is, I mean, do you think that Judge Martone would not follow the law? I think he would. I mean, I have to ask him. So which basis for going to a different judge? Well, under the standard, and I forget the case. It's cited in our briefs, that this Court imposes is the appearance of... Yes. I'm not sure if it's impropriety, but the appearance of a problem. And I think that exists here. I mean, we have the judge saying as a matter of law he's rejecting the plea. And then in his pleading that was filed with this Court from January 18th, I believe it was, rejecting my request for a stay, he said, oh, no, I really didn't do that. I fully considered the plea agreement in all the circumstances. So you have two different responses from the judge. It sounds, with all due respect to Judge Martone, that he's backtracking a little bit. And given those circumstances, and for the benefit of the defendant, I think that the defendant should be entitled to a clean slate with a judge who comes to the case fresh. And I also think that if Your Honor's rule, as we ask you to, that Judge Martone should be given the opportunity to start from a clean slate on future cases. And that's what I was going to say to you, Your Honor, is that if Your Honor favors us today, the ruling, I would hope, would come out saying district court judges can't reject pleas simply because they don't agree with stipulated sentences. They must look at the proposal, as Rule 11 suggests, and decide on the merits, given all the circumstances, whether that proposal is acceptable or not. It's what the courts do every day. Well, suppose that everybody does everything exactly according to Hoyle, and we get the case back because the district judge says, I'm considering your everything here. And then the judge decides to add an extra four or five months because he thinks that the difference in the actual facts of the case justify a stronger sentence for this defendant than for the other guy. And the judge adds a few more months. So you appeal, and you bring it back to us, and say this is an abuse of discretion. Or what do you say? How do you challenge this on appeal? Well, I don't think I would. I mean, I can't speak for my client, but he would be yelling and screaming and saying, appeal, appeal. I don't know that. I mean, I can't, obviously, talk about things not in the record, but I can say I don't think that would be the case. To be candid, there is a reason why the parties or the defendant agreed to the top end of the guideline range. And we are aware that the Court could, and could be reasonable in doing so, say, given the facts, given your role in this, this is an insufficient stipulation. And I believe we would be bound by that, because I think that would be a determination based on the facts that would be reasonable and would not be subject to abuse of discretion. And if my client required me to appeal, of course I would. But I would be very surprised if any judge, using the abuse of discretion standard, would say under the circumstances of this case that that sentence is unreasonable. That's a whole different issue, I suggest. And I think that's an issue that the Court deals with every day regardless of this issue. Now, this is the first one I've seen where the government agreed to the exact terms of the and turned it into a stipulated sentence. Usually, the government is agitating a little bit for an increase, and the judge does have something to decide. Well, I suppose we've run past your time. Kennedy. Can I ask you one last question? If we deny your petition for mandamus, Judge Martone will be in the position of considering or telling your client either plead guilty open or proceed to trial. Is that correct? Well, he's already pled guilty, but yes, the effect is the same. He could withdraw his guilty plea, right? He can either go forward with sentencing without any limitations in the plea agreement or he can go to trial. Right. Well, how would that be different from Judge Martone when he has a stipulation as to the sentence? He's saying, I'm considering this, but when I consider the factors under 3553A, I reject the stipulation and I'm going to sentence him to a different term, maybe a higher term. Well, then the defendant would be in the same position he's in now because his plea is conditioned on the stipulated sentence, and that's why he's in the position he is today. And the judge could say, I'm going to give him, instead of 39 months, I'm going to give him 47 months. Right. Does he still want to plead guilty? I mean, are you asking me if my client? I mean, the ---- Right. Right. That's what he would say. And I've had those cases before Judge Martone before. And at that time, you'll give him a chance to withdraw his guilty plea. That's correct. And that's actually, aside from the appeal, that's actually the status of the case right now. In district court, that's other than this appeal, that's what Judge Martone is waiting to hear. And that is, does the defendant want to proceed to trial or does he want to be sentenced by Judge Martone without the plea agreement in play? Will Judge Martone have to give an indication of what he will impose before he allows him to withdraw his guilty plea? Not only does he not have to, but I think that arguably could violate Rule 11. I mean, we would like that. In some courts, you do get an indicated sentence. But under Rule 11, I don't think the judge can tell us. Sometimes it does come out during the discussions as to whether or not the plea, the stipulated sentence or the plea agreement is acceptable. We'll get a sense of where the judge is going. But I don't think it would be appropriate for the judge to say, I'll give you 11 months or 37 months or whatever if you continue with your, with the plea and let me send it to you. Thank you. Thank you, counsel. Thank you. Clear from the government. Good morning. May it please the Court. Linda Boone on behalf of the United States. Of course, usually the government's in a position to fully support the actions of the district court, but that is not the case, as obviously the Court knows. In this particular situation, the government agrees with the defendant here that the district court made an error. And in fact, just so that we're clear, the reason for the error is really inexplicable in this case. Why do you say that? I mean, it's, you know, there are, there is, Judge Martone isn't alone on this. There are a lot of district judges who just really don't like these stipulated plea agreements. Oh, no, I understand that, Your Honor. Okay. The reason that it is inexplicable is because Judge Martone actually, to a point, did exactly what he should have done. He listened to discussion about this particular defendant and this particular defendant's role in the case. He considered the co-defendant's role in the offense. But when he actually came down to actually making, on, saying on the record what his reason was, he didn't refer to any of those factors. And, Your Honor, I was going to raise, by the way, Judge Bayh, the 353-553A factors. He totally ignored those. And the only reason he stated was that he was denying acceptance of this plea agreement on the basis that there was a stipulated sentence and he was denying it as a matter of law, not as a matter of fact. And, therefore, the government's arguing that that was inexplicable because he had actually... Well, let's suppose he'd said he hadn't used the phrase as a matter of law and had simply said, I don't like these. I've heard the facts, but I don't like these agreements. I have a policy against accepting them. I'm going to exercise my discretion not to accept it because of that. Is there any real meaningful difference? Yes, there is, Your Honor, because... Okay, tell me why. Because he would have actually considered, and on the record said he had considered, the individual characteristics and factors that apply to this defendant. All right, the second hypothetical. At the start of the hearing, he said, I know you're prepared to present individual evidence, but I have a policy against these agreements, and I'm going to exercise my discretion not to accept it. Error as a matter of law or not? Well, Your Honor, this Court, although not having ruled on that precise issue, has ruled in many very similar cases, and this Court has repeatedly rejected categorical rules, whether it regarded sentencing or regarded charge bargaining or... The difference. We have set as to charge bargaining. Yes, Your Honor. We haven't had a categorical rule rejecting as to sentencing, have we? Yes, Your Honor. There was a case for aliens who... I'm sorry, it was the Lopez-Gonzalez case, which I cited to the Court, and in that case, the District Court was giving the maximum sentence always whenever an illegal alien was apprehended after flight and pursuit, and this Court rejected that as a categorical rule, saying that was inappropriate. So if we use that reasoning, that analysis, it is the same situation here. If the District Court... You know, it's really not uncommon, at least in certain districts, for judges to take exactly that position, and then they do it because they think it's an interference in their Article III authority, that essentially that the government and the defendant are circumventing the judge's authority. Now, agree with it or not, I mean, that's the way some district judges feel. And that's why the government feels that this Court should make a decision on that point, Your Honor, and give guidance to the District Court. Is that a categorical rule? I think it should be addressed, and the government would hope that this Court would address that issue specifically. Well, they basically say, you know, we aren't telling the government how to charge, we don't want the government to tell us how to sentence, and so forth. I mean, you've heard the argument, I'm sure. Absolutely, Your Honor. But, I mean, if you look at the 3553A factors, the Court is supposed to consider all of those things, and it may do so. It doesn't have to accept the plea agreement if it's a stipulated sentence, but it shouldn't reject them categorically. It should consider whether or not it is appropriate in each individual case. Let me ask you this. Is there any mention in 3553A that the sentencing judge must consider any stipulated sentence? No, Your Honor, absolutely not. But it does require individual consideration, and that is what was not done in this case. Suppose a newspaper reporter said, you should get 10 years. Do they have to consider that? I mean, what 3553A indicates is what factors he should consider. Yes, Your Honor. If he says, I'm not going to consider either a stipulated sentence or what the editorial from today's newspaper says, what's wrong with that? Your Honor, if he could, no, if the Court had said, I have considered the 3553A factors and I'm going to reject. Has he said, I will not consider the 3553A factors? He hasn't said that. No, he has not, Your Honor. He said, I'm not going to consider a stipulation. I'm not also going to consider today's editorial in the Chronicle. Correct, Your Honor. And I'm also not going to consider whether the Giants won or lost last night, right? It doesn't make any difference. What he has to consider is 3553A. And he has not considered that in this case, Your Honor. Well, but he hasn't had a chance to. Oh, but he has, Your Honor. You've got a stay of sentencing entered. Yes. If we deny the petition, now it'll go back and he can consider 3553A, as is his legal obligation. And that is what he has to consider. But what he doesn't have to consider is your stipulation. And that's all that the government is asking, Your Honor. You know, the odd thing, too, is that we're, of course, you're here on mandamus, and the burden is so high on mandamus and clear air of the law and so forth. And that presents another issue for us, because particularly on the face of the record here, which is, as you said, a little bit odd, because he heard that he considered the evidence, actually, and then rejected it. And then one construction of what happened is that he did it as a matter of discretion. I simply misspoke when he said it was a matter of law. Your Honor, I mean, district courts used to do that all the time when, I mean, we I know this from talking to them when they say, well, I'm not considering this. And it's just one of those things that happens at sentencing that's a misstatement, if you will. I don't know. Your Honor, I would agree with you if the record were not at the state that it is. If the court will review those pages that I cited to it, the district court specifically said that he believes stipulated sentences are unwise as a matter of policy, because it leaves no judging to the judge. That's at the Morgan transcript at 9 to 10. And then he also said that he was rejecting, he usually rejected stipulated sentences as a matter of course. And that was at... Right. That's the puzzling thing. He basically was saying, I usually reject these, not always. Yes. So he's saying I'm not, I don't have a categorical rule. And then he said, when he used the phrase as a matter of law, I think that was probably incorrect. But maybe what he meant is I'm going to exercise my usual policy. That may or may not be a different matter under mandamus. I don't know. Well, I think, Your Honor, that if he hadn't, as you just pointed out, if the district court had not said, as a matter of law, that he rejected it, rather than a matter of fact, that the government would not be agreeing with my opposing counsel. But is the fact that he specifically rejected as a matter of fact, it appears that the district court rejected his consideration of the individual factors and the 3553A factors. But I don't believe that recusal is necessary at all. Because as he has demonstrated in the co-defendant's case, he can and has demonstrated that he can, excuse me, he can and has demonstrated that he will consider stipulated sentences. And if he feels it is appropriate, he will accept them as he did in the May's case. Isn't what he's done here to say that he won't consider the evaluation of the sentencing factors which the attorneys have agreed to, and he wants to keep it for himself as an Article III judge, rather than to allow the attorneys to weigh in with what the sentencing factors should produce? I don't think he's quite gone that far, Your Honor, because, I mean, as But nothing wrong with that, is there? I don't think there is anything wrong with that. But I don't think that's what he said. Because, I mean, I'm sure you know, we routinely issue plea agreements, and we make all kinds of agreements regarding sentences. He just objects to a specific stipulated sentence to a number of months. And that's what the court, the district court, has made clear here. What is your interpretation of the district court's submission to us subsequently? I believe that the district court, and the fact that he has not submitted anything when given the opportunity, is an invitation to this court to give him direction to either say, yes, we don't want a categorical rule, or no, you are within your discretion, because the district court has made it clear that this is his policy, and as this court is aware, there's other courts that also agree. Yes, that's true. And so that is exactly what I believe. And I don't believe, the government doesn't believe that recusal should be considered by this court for the reasons I've cited. I see that my time is up. Any further questions? Thank you very much. And we'll give you a minute for rebuttal. Although you're in agreement, so it's hard to say what you're rebutting. I don't respectfully, and I didn't cite this case, but I don't think Judge Martone was unaware of what he was saying when he said what he said. He was a judge on the Supreme Court of the State of Arizona, and he was, I think, the sole dissent in a Supreme – in that court's opinion, rejecting the superior court's judge's right to do exactly what Judge Martone has done in the Federal Court. So he knows the issue, and he knows what's at stake. I think I was suggesting he misspoke when he said, as a matter of law, instead of policy. I mean, I think because he's accepted these pleas, he doesn't think they're invalid legally. Right. He just has a policy. That's where I thought he was perhaps misstating what he already meant. And then to respond to Judge Baye's analogy about the newspaper reporter, the newspaper reporter is addressed by Rule 11. Rule 11, which is a Federal rule of criminal procedure, specifically says that the parties are permitted to negotiate a plea agreement and present it to the court for the court's consideration, the court's due consideration. I think that to find that a judge can, on his own, decide to not entertain a particular plea agreement or any plea agreements at all goes against what Rule 11 was designed to accomplish, which is to allow the parties to propose agreements and set out a procedure for the court to determine whether, on the merits, that plea agreement is appropriate. And lastly, in the charge bargain versus the sentence bargain, it's true that this Court has in Miller rejected categorical rules as the charge bargains, and in part they were three reasons, but in part because of the separation of powers concern. But that same concern applies here as well. In the charge bargain scenario, because of the great importance of the separation of powers, the Court decided that district court judges have to give great deference to the executive branch in deciding what charges to pursue. Here, the Court has to consider the merits of the case and the facts, but doesn't have to give as much deference to what the parties propose or to what the executive branch proposes. But there are still some similar considerations. As here, if you have an indictment where there is a single count, and the government – and I'm not saying this was the case here, but hypothetically, the government decides that it has evidence problems or it has a child victim that does not want to testify or has all number of reasons why it does not want to go to trial, but the defendant doesn't want to plead guilty, and they decide that a reasonable outcome is to stipulate to a particular sentence and proposes that to the court, the judge should be entitled to at least or should be required to consider all those factors that the executive branch has taken into account in reaching that decision. How are we supposed to review that, though? I mean, now we're heading down the road of, let's say, we've eliminated categorical rules. So the next step is, I think that this was abuse of discretion to reject this particular plea agreement because we had good reasons and the district court didn't consider them. I mean, isn't that where we're headed on this? It may be – there may be that some cases will come before this Court in that setting. But there are – and I can't think of them right now, but there are many scenarios in the criminal justice arena where the standard on appeal is an abuse of discretion standard, and defendants appeal it, and they routinely lose, as they should, because the deference that this Court gives to the district court is so high, and that would be the same thing here. It's a factual determination. If the – if you say, judges of the district court, you must consider these stipulated sentence or these proposed plea agreements on the merits, and the judge does that, and it comes before this Court, then the determination for this Court to make is, you know, are we going to find that the judge abused his discretion? And that's rarely a decision this Court makes in terms of finding the judge, in fact, abused his discretion. So you would be satisfied, except for the personality of Judge Martone in this particular case, you would be satisfied if he were to grant a petition and remand to – with instructions that he consider the plea agreement under Rule 11, and also that he exercises discretion under 3553A? Absolutely. If I – if I were to summarize what I want, that would be it, Your Honor. Anything further? Thank you both for your arguments, sir. Interesting discussion.
judges: Goodwin, Thomas, Bea